IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,

v.

A Cashier's Check in the Amount of
$35,828.09 From PNC Bank,

        Defendant.

Case No. 2:12-cv-458
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court on the United States' Motion for Stay of Civil Forfeiture Proceedings. (Doc. No. 12.) For the reasons that follow, that motion is **GRANTED** and this case is **STAYED**.

### I. BACKGROUND

On May 25, 2012, Plaintiff, the United States of America, filed a Verified Complaint for Forfeiture pursuant to 18 U.S.C. §2323(a)(1)(B) and (C) and 18 U.S.C. §981(a)(1)(C) for violations of 18 U.S.C. §2320. On July 10, 2012, Rami Mohammad ("Claimant") filed a Claim asserting an interest in the Defendant Currency as the owner of the currency. On July 31, 2012, Claimant filed an Answer to the Verified Complaint. This matter is now scheduled for a Rule 26(f) conference on August 24, 2012.

### II. ANALYSIS

The procedure by which a stay may be obtained in a civil forfeiture proceeding is contained in 18 U.S.C. §981 which states, in pertinent part:

> (g)(1) Upon motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the

prosecution of a related criminal case.

. . . .

(4) In this subsection the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

18 U.S.C. §981(g)(1) and (4).

The United States states there is an ongoing criminal investigation involving the Defendant Currency and Claimant for trafficking in counterfeit goods. The United States has alleged in its complaint that the above-captioned Defendant Currency is forfeitable to the United States for the same criminal activity. If, as the United States expects, the forfeiture of this property is resolved in the criminal case, it will not be necessary to complete the civil forfeiture action.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the United States' Motion for Stay of Civil Forfeiture Proceedings (Doc. No. 12) and **STAYS** this case.

**IT IS SO ORDERED.**

\_\_\_8-13-2012_____  
**DATE**

_____  
**EDMUND A. SARGUS, JR.**  
**UNITED STATES DISTRICT JUDGE**

2